UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| B. RUBEN DEWAYNE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-CV-14245-IT |
| | * | |
| FIRST NATIONAL BANK of ARIZONA, | * | |
| MERS, INC., CITI MORTGAGE, INC. and | * | |
| JPMORGAN MORTGAGE | * | |
| ACQUISITION CORP. a/k/a JPMORGAN | * | |
| CHASE BANK, N.A., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

November 10, 2016

TALWANI, D.J.

B. Ruben DeWayne, ("DeWayne" or "Plaintiff") filed the underlying action against

Mortgage Electronic Registration Systems, Inc. ("MERS") and JPMorgan Chase Bank ("Chase")

(collectively, "Defendants"),[1] seeking a declaratory judgment concerning each party's rights to

the property located at 53 Charlotte Street, Dorchester, Massachusetts. Compl. 1 [#1].

Defendants filed a Motion to Dismiss [#29] which is presently before the court. For the reasons

set forth below, the Motion to Dismiss [#29] is GRANTED.

I.     Standard

To survive a motion to dismiss, a complaint must include factual allegations that, taken as

---

[1] Plaintiff has dismissed his claims against First National Bank of Arizona and CitiMortgage, Inc. [#22, #42].

true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 –

58 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Evaluating the plausibility of a complaint

is a two-step process. "First, 'the court must separate the complaint's factual allegations (which

must be accepted as true) from its conclusory legal allegations (which need not be credited).'

Second the court must determine whether the remaining facts allow it to 'draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" Jane Doe No. 1 v.

Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016) (citations omitted).

II.     Facts as Alleged in the Complaint

        For purposes of a motion to dismiss, the facts alleged in the complaint are taken as true.

Plaintiff acquired title to the property located at 53 Charlotte Street, Dorchester, Massachusetts,

after it was conveyed to him by quitclaim deed on October 14, 2015. Compl. [#1, Ex. 2].

Plaintiff had performed work on the subject property, and the prior owner, Leitta Brooks

("Brooks"), gave Plaintiff title in exchange for the work done and $2,500. Compl. 2 [#1].

        Prior to conveying title to Plaintiff, on or about May 11, 2007, Brooks entered into a loan

agreement for the property with First National Bank of Arizona. Compl. ¶ 5 [#1]. First National

Bank of Arizona required Brooks to submit a single payment to CitiMortgage, Inc. Compl. ¶ 6

[#1]. On or about September 22, 2014, MERS acting as sole nominee for the lender, transferred

and assigned First National Bank of Arizona's interest to Chase. Compl. ¶ 8 [#1]. Chase

thereafter became the servicer on the loan. Compl. ¶ 6, 7 [#1]. Chase claims to be the current

owner and holder of the note and mortgage on the subject property. Compl. ¶ 2 [#1].

Plaintiff alleges that Brooks received a copy of a Forensic Audit Report of the loan which showed that the principal balance on the loan did not reduce during a five year period. Compl. ¶¶ 20, 22 [#1]. The report also showed that the agreed upon interest rate on Brook's loan was supposed to be 8.790%, but that Defendants were actually charging Brooks an interest rate of 9.201%. Compl. ¶¶ 20, 22 [#1]. According to Plaintiff, Defendants overcharged Brooks by $6,128.77. Compl. ¶23 [#1]. Plaintiff alleges that Defendants misrepresented to Brooks the interest rate and finance charges associated with the mortgage. Compl. ¶¶ 22, 23, 26 [#1].

III.   Discussion

A.  Plaintiff May Not Assert Brooks' Claims

Plaintiff alleges in Count I that Defendants fraudulently overcharged Brooks by charging an interest rate on her loan that was higher than the rate agreed to by the parties at the time the loan was originated, that Defendants knew they were going to overcharge Brooks, and that they purposely crafted language in the note that would limit their liability. Compl. ¶¶25-27 [#1]. He alleges in Count II that MERS lacked jurisdiction to assign or otherwise transfer a right to Chase. Compl. ¶ 31 [#1]. He alleges in Count III that Defendants breached their fiduciary duty to Brooks by committing fraud and willfully overcharging her. Compl. ¶ 33-34 [#1].

To the extent that Plaintiff seeks to vindicate Brooks' rights, he may not do so. As a non-lawyer, Plaintiff may not bring a cause of action on behalf of another individual. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.").

Furthermore, Plaintiff's factual allegations concerning the interest rate charged on the loan are identical to the facts alleged by Brooks in her own actions against JPMorgan Chase

Bank. See Brooks v. JPMorgan Chase Bank, N.A., No. 12-11634-FDS, 2013 WL 3786448 (D.

Mass. July 13, 2013) (affirmed by Brooks v. JPMorgan Chase Bank, No. 13-2041 (1st Cir. July

9, 2014)); and Brooks v. JPMorgan Chase Bank, No. 14-cv-13068-FDS (affirmed by Brooks v.

JPMorgan Chase Bank, No. 15-1055 (1st Cir. Sept. 8, 2015)). Res judicata bars Brooks from

relitigating claims against Chase that were made or could have been made in the earlier suits.

Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). All claims as to this

Defendant based on the rate charged on the loan must have been brought in the prior action. Kale

v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir. 1991) ("[F]ederal law stipulates

that all claims which are 'part of the same cause of action' are extinguished, whether or not

actually asserted in the original action."). DeWayne, in turn, is in privity with Brooks to the

extent that he is seeking to enforce claims against Chase concerning the rate charged on the loan,

and accordingly, he is also barred from relitigating these claims against chase. See Rhode Island

Hosp. Trust Nat. Bank v. Ohio Cas. Ins. Co., 789 F.2d 74, 82 (1st Cir. 1986) ("An assignee is

usually considered in privity with the assignor.").

 B.  Plaintiff has Failed to State a Claim on His Own Behalf

 1.  Count I: Fraud

 The complaint also fails to allege that Defendants committed fraud as to him. To recover

for fraudulent misrepresentation under Massachusetts law, Plaintiff must plead with particularity

that Defendants "'made a false representation of a material fact with knowledge of its falsity for

the purpose of inducing the plaintiff to act thereon.'" Masingill v. EMC Corp., 870 N.E.2d 81, 88

(Mass. 2007) (quoting Kilroy v. Barron, 95 N.E.2d 190, 191 (Mass. 1990)). Plaintiff must show

that he relied upon the representation as true and acted upon it to his detriment. Id. Plaintiff fails

to allege that Defendants made any statements to him, or that he relied on misrepresentations made by Defendants.

      2.   Count II: MERS' Lack of Standing

In Massachusetts, a mortgagor may challenge a mortgage assignment as invalid, ineffective, or void, but Plaintiff fails to set forth any facts that would allow him to state such a cause of action on his own behalf. Culhane v. Aurora Loan Serv. of Nebraska, 708 F.3d 282, 289-90 (1st Cir. 2013). Plaintiff's complaint fails to allege that he was a signatory to the loan, or that he is the mortgagor. Since he was not the borrower, he may not sue to vindicate the rights of a borrower. Anctil v. Specialized Loan Servicing, LLC, Civ. Action No. 15-14004, 2016 WL 70451, *1 (D. Mass. January 11, 2016) (Plaintiff "lacks standing to vindicate the rights of a borrower as he expressly alleged that he was not a signatory on the loan note.").

      3.   Count III: Breach of Fiduciary Duty

Even if Plaintiff was the borrower, his breach of fiduciary duty claim would fail under Massachusetts law, as the relationship between a lender and a borrower, without more, does not establish a fiduciary relationship. FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009).

Nor can the claim be resurrected as a breach of the duty of good faith and fair dealing, as "the concept of good faith is shaped by the nature of the contractual relationship from which the implied covenant derives, and the scope of the covenant is only as broad as the contract that governs the particular relationship." MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486 (1st Cir. 2013) (internal quotation marks and citation omitted). Plaintiff does not allege that he had a contractual relationship with Defendants, and an allegation of a contract is a necessary element

of a claim of a breach of the implied covenant of good faith and fair dealing. <u>Christensen v. Kingston School Committee</u>, 360 F. Supp. 2d 212, 226 (D. Mass. 2005).

       C.  Plaintiff is not Entitled to a Declaratory Judgment

In the complaint Plaintiff seeks a declaratory judgment "to end the controversy between the parties respecting who is the actual holder of the note and mortgage which covers the subject property used as collateral." Compl. 2 [#1]. Petitioner requests that the court declare "what rights remain respecting each party" as to the subject property. Compl. 3 [#1]. Plaintiff does not allege a legal basis under which the court has authority to reach these issues.

IV.   <u>Conclusion</u>

For the foregoing reasons Defendants' <u>Motion to Dismiss</u> [#29] is ALLOWED.

IT IS SO ORDERED.

Date: November 10, 2016                         <u>/s/ Indira Talwani         </u>
                                            United States District Court